**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2007 MAY 17  A 11: 25

| | |
|---|---|
| **NORTH AMERICAN METAL COMPANY, LLC,** a limited liability company, ) ) ) ) | |
| **Plaintiff,** ) | **CASE NO.:** 2:07-CV-440-ID |
| ) | |
| **vs.** ) | |
| ) | |
| **TRANSLOAD AMERICA INC.,** a corporation, and fictitious Defendants A through M being those persons or entities who may be legally responsible for the claims set forth herein and who may be added by amendment by Plaintiffs when their identities are ascertained by further discovery and who are parties to the contract described herein and are otherwise obligated to perform the duties and obligations described herein, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Defendant, TransLoad America Inc. ("TransLoad"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice of the removal of the above captioned action from the Circuit Court of Pike County, Alabama, to the United States District Court for the Middle District of Alabama. TransLoad states as follows in support of removal:

1

## **Jurisdictional Statement**

1.    Plaintiff, North American Metal Company, LLC ("NAMCO") commenced this action in the Circuit Court of Pike County, Alabama, on April 17, 2007.  The action was assigned case number CV-2007-900044.00 in the state court.

2.    NAMCO is a limited liability company organized under Florida law with its principal place of business in Jacksonville, Florida.  Upon information and belief, the members of NAMCO are Kevin R. Kohn, Donald F. Harwell, and Raymond Chase, who are each domiciled in and citizens of Florida.  *See* Declaration of David C. Stoller in Support of Notice of Removal attached as Exhibit A ("Stoller Declaration"), ¶ 4.  NAMCO is therefore a citizen of Florida for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1).

3.    TransLoad is a corporation organized under Delaware law with its principal place of business in South Orange, New Jersey.   *See* Stoller Declaration, ¶ 3.  TransLoad is therefore a citizen of Delaware and New Jersey for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1).

4.    The citizenship of defendants sued under fictitious names is disregarded for removal purposes.  *See* 28 U.S.C.  § 1441(a).

5.    NAMCO's Complaint attempts to seek purported declaratory relief.  Among other things, NAMCO seeks a declaration that NAMCO "has a priority and exclusive right" (as between NAMCO and TransLoad) to negotiate for the purchase of certain real property described in the Complaint.  Accordingly, the

object of this litigation is the potential acquisition of the property at issue and the value associated with acquiring the property.

6.     As established in the attached Declaration, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* Stoller Declaration, ¶¶ 5 - 6; 28 U. S.C. § 1332(a).

7.     As established above, there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has original jurisdiction of this action. *See* 28 U. S.C. § 1332(a).

### Procedural Statement

8.     Pursuant to 28 U.S.C. § 1446 (a), copies of the Complaint and all other process, pleadings and orders purportedly served upon TransLoad are included in the copy of the state court file, which is attached as Exhibit B.

9.     TransLoad first received a copy of NAMCO's Complaint by certified mail on April 23, 2007. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

10.     Removal to the Northern Division of the United States District Court for the Middle District of Alabama is proper because this is the district and division embracing the Circuit Court of Pike County, Alabama. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 81(b).

11.     Pursuant to 28 U.S.C. § 1446(d), TransLoad will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Pike County, Alabama and give written notice of this removal to NAMCO's counsel.

3

12.    By removing this action to this Court, TransLoad does not waive any defenses, objections or motions available to it under applicable law. TransLoad expressly reserves the right to move to transfer venue, move to dismiss NAMCO's claims, and/or move the entry of judgment in its favor.

WHEREFORE, TransLoad removes this action, which was originally brought in the Circuit Court of Pike County, Alabama, to this Court.

Respectfully submitted,

_____
James H. Pike (PIK003)
Attorney for Defendant
TransLoad America Inc.

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Removal, together with the attached exhibits, has been provided by telecopy and U.S. Mail this 17th day of May, 2007, to:

>        N.J. Cervera, Esq.
>        Clifton F. Hastings, Esq.
>        Cervera, Ralph & Reeves, LLC
>        Post Office Box 325
>        Troy, Alabama  36081

_____
James H. Pike

#2635938

5

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2007 MAY 17  A 11: 25

| | | |
|---|---|---|
| **NORTH AMERICAN METAL COMPANY, LLC, a limited liability company,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CASE NO.:** _____ |
| **vs.** | ) ) | |
| **TRANSLOAD AMERICA INC., a corporation, and fictitious Defendants A through M being those persons or entities who may be legally responsible for the claims set forth herein and who may be added by amendment by Plaintiffs when their identities are ascertained by further discovery and who are parties to the contract described herein and are otherwise obligated to perform the duties and obligations described herein,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**DECLARATION OF DAVID C. STOLLER**
**IN  SUPPORT OF NOTICE OF REMOVAL**

I, David C. Stoller, declare as follows pursuant to 28 U.S.C. § 1746:

1.     I am the Chairman and Chief Executive Officer of TransLoad America Inc. ("TransLoad").

1

2.    I submit this Declaration in support of TransLoad's Notice of Removal in the above-captioned action.

3.    TransLoad is a corporation organized under Delaware law. TransLoad's principal place of business is in South Orange, New Jersey.

4.    North American Metal Company, LLC ("NAMCO") is a limited liability company organized under Florida law with its principal place of business in Jacksonville, Florida. Upon information and belief, the members of NAMCO are Kevin R. Kohn, Donald F. Harwell, and Raymond Chase, who are each domiciled in and citizens of Florida.

5.    TransLoad has entered into a letter of intent with the City of Brundidge, Alabama (the "City") to pursue acquiring the property described in NAMCO's Complaint and at issue in this action (the "Property") through the City. TransLoad would acquire the Property through an assignment of certain rights from the City pursuant to which TransLoad (or a subsidiary of TransLoad) would purchase all of the outstanding membership interests of the entity that owns the Property for in excess of $5,000,000.

6.    In addition to the value of the Property, completing the transaction described in the above paragraph would generate expected income, at a minimum, in excess of $100,000 per year.

7.    If called as a witness, I could and would competently testify to the foregoing, which is within my personal knowledge or based upon information gathered within the course and scope of my duties as the Chairman and Chief Executive Officer of TransLoad.

2

8.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on May _15_, 2007

David C. Stoller

3

# EXHIBIT B

# BRENDA MEADOWS PEACOCK
CLERK, CIRCUIT COURT
120 WEST CHURCH STREET
PIKE COUNTY COURTHOUSE
TROY, ALABAMA 36081
334-566-5113

I, Brenda M. Peacock, Clerk of the Pike County Circuit and District Court, do hereby Certify that the Documents annexed to this certificate are true and correct copies of the original on file and of record of this office.

In witness whereof, I have hereunto set my hand and seal of this court this date.

_Brenda M Peacock_
Clerk

_5|14|07_
Date

```
-------------------------------------------------------------------------
| AVSO351                                          CV 2007 900044.00 |
|                                                                       |
|                                            JUDGE: JEFFERY W KELLEY   |
|-----------------------------------------------------------------------|
|                    ALABAMA JUDICIAL DATA CENTER                       |
|                       CASE ACTION SUMMARY                             |
|                          CIRCUIT CIVIL                                |
|-----------------------------------------------------------------------|
|  IN THE CIRCUIT  COURT OF     PIKE      COUNTY                        |
|                                                                       |
|   NORTH AMERICAN METAL COMPANY, LLC V. TRANSLOAD AMERICA, INC.        |
|  FILED:  04/17/2007 TYPE: EQUITY NON-DAMAGE     TYPE TRIAL: NON-JURY  TRACK: |
|                                                                       |
| ***********************************************************************|
| DATE1:            CA:                    CA DATE:                     |
| DATE2:            AMT:            $.00  PAYMENT:                      |
| DATE3:                                                                |
| ***********************************************************************|
| PLAINTIFF  001: NORTH AMERICAN METAL COMPANY, LLC                     |
|                 9471 BAYMEADOWS ROAD        ATTORNEY: HASTINGS CLIFTON FLOYD |
|                 SUITE 106                   HAS014  P O BOX 325       |
|                 JACKSONVILLE, FL  32256-0000                          |
|                 PHONE: (334)000-0000              TROY, AL   36081    |
| ENTERED:  04/17/2007 ISSUED:            TYPE:              (334)566-2700 |
| SERVED:                 ANSWERED:              JUDGEMENT:              |
|                                                                       |
|                                             CERVERA N J              |
|                                             P O BOX 325              |
|                                                                       |
|                                             TROY, AL   36081         |
|                                                  (205)566-0116        |
|-----------------------------------------------------------------------|
| DEFENDANT  001: TRANSLOAD AMERICA, INC.                               |
|                 ATTN: DAVID C. STOLLER    ATTORNEY:                   |
|                 76 SOUTH ORANGE AVENUE, STE.208                       |
|                 SOUTH ORANGE, NJ  07079-0000                          |
|                 PHONE: (973)762-6060                                  |
| ENTERED:  04/17/2007 ISSUED:  04/18/2007 TYPE:    CERTIFIED          |
| SERVED:                 ANSWERED:              JUDGEMENT:             |
|-----------------------------------------------------------------------|
```

|            |                                                        |          |
|------------|--------------------------------------------------------|----------|
| 04/17/2007 | FILED THIS DATE: 04/17/2007                            | (AV01)   |
| 04/17/2007 | ORIGIN: INITIAL FILING                                 | (AV01)   |
| 04/17/2007 | CASE ASSIGNED STATUS OF: ACTIVE                        | (AV01)   |
| 04/17/2007 | ASSIGNED TO JUDGE: JEFFERY W KELLEY                    | (AV01)   |
| 04/17/2007 | CASE SCANNED STATUS SET TO: N                          | (AV01)   |
| 04/17/2007 | NORTH AMERICAN METAL COMPANY, LLC ADDED AS C001        |          |
| 04/17/2007 | LISTED AS ATTORNEY FOR C001: HASTINGS CLIFTON FLO      |          |
| 04/17/2007 | LISTED AS ATTORNEY FOR C001: CERVERA N J               | (AV02)   |
| 04/17/2007 | TRANSLOAD AMERICA, INC. ADDED AS D001                  | (AV02)   |
| 04/18/2007 | CERTIFIED MAI ISSUED: 04/18/2007 TO D001               | (AV02)   |
| 04/18/2007 | CASE SCANNED STATUS SET TO: Y                          | (AV01)   |

4.27.07  *Not to Hastings/Cervera - Δ svd on 4.23.07.*
5.11.07  *Lis Pendens  cc: Hastings & D001.*

```
| ------|-------------------------------------------------------------- |
|-------|---------------------------------------------------------------|
JAS   04/18/2007                                    CV 2007 900044.00
```

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

NORTH AMERICAN METAL )
COMPANY, LLC, )
a limited liability company, )
)
     Plaintiff, )
)
vs. )     CIVIL ACTION NO: CV-2007-900044
)
TRANSLOAD AMERICA, INC., )
a corporation,  and fictitious Defendants A )
through M, being those persons or entities )
who may be legally responsible for the )
claims set forth herein and who may be )
added by amendment by Plaintiffs when )
their identities are ascertained by further )
discovery and who are parties to the )
contract described herein or are otherwise )
obligated to perform the duties and )
obligations described herein, )
)
     Defendants. )

### LIS PENDENS

     I, Brenda Peacock, Clerk of the Circuit Court of Pike County, Alabama, do hereby certify

that the above-styled action is now pending in the Circuit Court and that the Complaint in said

action affects the title to the following described real property in Pike County, Alabama, to-wit:

*See Exhibit A attached hereto.*

     A copy of the Complaint filed on April 17, 2007 is attached hereto as Exhibit B.

     Given under my hand and the seal of the Court on this ____11____ day of __May__,

2007.



                            Circuit Court Clerk

EXHIBIT "A"

A parcel of land lying in Section 4, the E ½ of the SE 1/4 of Section 5, the NE 1/4 of the NE 1/4 of Section 8, Township 8 North, Range 22 East and the SE 1/4 of the SE 1/4 of Section 33, Township 9 North, Range 22 East, Pike County, Alabama, being more particularly described as follows:

Beginning at an iron pin at the northeast corner of said Section 4, T-8-N, R-22-E; thence S 00°-31'-00" E, 2642.31 feet to a concrete marker; thence N 89°-34'-48" W, 1321.58 feet to a concrete marker; thence S 00°-05'-54" E, 391.43 feet to an iron pin; thence S 00°-12'-09" W, 387.51 feet to an iron pin; thence S 00°-20'-01" W, 399.12 feet to an iron pin; thence S 00°-32'-13" W, 378.89 feet to an iron pin; thence S 01°-32'-43" W, 423.53 feet to an iron pin; thence N 89°-32'-02" W, 1427.51 feet to an iron pin; thence N 87°-52'-31" W, 202.07 feet to an iron pin; thence N 70°-28'-40" W, 157.87 feet to an iron pin; thence S 74°-39'-04" W, 27.45 feet to an iron pin; thence S 59°-57'-25" W, 98.32 feet to an iron pin; thence N 89°-32'-02" W, 720.04 feet to an iron pin; thence S 00°-26'-36" E, 465.30 feet to an iron pin; thence S 53°-08'-09" W, 33.17 feet to an iron pin; thence S 22°-18'-35" W, 54.27 feet to an iron pin; thence S 02°-08'-12" E, 114.89 feet to an iron pin; thence S 56°-22'-44" W, 15.89 feet to an iron pin; thence N 89°-31'-07" W, 1265.13 feet to a concrete marker; thence S 86°-28'-45" W, 53.71 feet to an iron pin; thence S 00°-17'-26" E, 422.27 feet to an iron pin on the northerly meander of Mims Creek; thence S 76°-31'-18" W, 393.24 feet to an iron pin on said northerly meander; thence S 55°-03'-16" W, 444.46 feet to an iron pin on said northerly meander; thence S 75°-54'-49" W, 210.32 feet to an iron pin on said northerly meander; thence S 36°-34'-09" W, 194.12 feet to an iron pin on said northerly meander; thence S 48°-40'-09" W, 168.73 feet to an iron pin on said northerly meander; thence S 27°-37'-32" W, 85.39 feet to an iron pin on said northerly meander; thence leaving said northerly meander N 01°-28'-13" E, 251.40 feet to an iron pin; thence N 10°-12'-37" W, 197.76 feet to an iron pin; thence N 01°-00'-55" W, 159.88 feet to an iron pin; thence N 02°-01'-18" W, 170.75 feet to an iron pin; thence N 01°-49'-35" E, 251.29 feet to an iron pin; thence N 02°-13'-01" W, 189.50 feet to a concrete marker; thence N 82°-09'-37" E, 470.46 feet to an iron pin; thence N 17°-36'-36" E, 1368.82 feet to an iron pin; thence N 88°-27'-28" E, 450.19 feet to an iron pin; thence N 02°-02'-11" E, 412.44 feet to an iron pin; thence N 02°-09'-42" E, 314.59 feet to an iron pin; thence N 02°-06'-27" E, 172.90 feet to an iron pin; thence N 02°-29'-01" W, 185.61 feet to an iron pin; thence N 03°-55'-15" W, 333.37 feet to an iron pin; thence N 04°-52'-33" W, 314.75 feet to an iron pin; thence N 00°-52'-21" W, 263.40 feet to an iron pin; thence N 00°-54'-52" W, 484.58 feet to an iron pin; thence N 00°-42'-10" W, 249.67 feet to an iron pin; thence N 00°-16'-58" E, 654.95 feet to an iron pin; thence N 00°-17'-13" W, 457.58 feet to an iron pin; thence S 89°-49'-08" E, 3942.37 feet to an iron pin; thence N 53°-15'-43" E, 223.81 feet to an iron pin on the southeasterly meander of Mims Creek; thence N 49°-19'-05" E, 314.14 feet to an iron pin on said southeasterly meander; thence N 15°-08'-52" E, 34.45 feet to an iron pin on said southeasterly meander; thence N 68°-55'-51" E, 141.51 feet to an iron pin on said southeasterly meander; thence N 49°-33'-40" E, 183.09 feet to an an iron pin; thence leaving said southeasterly meander S 89°-55'-12" E, 631.42 feet to a concrete marker; thence S 00°-03'-44" E, 561.21 feet to the point of beginning, containing 573.60 acres, more or less.

Ex' pit B

ELECTRONICALLY FILED
2007 5:11 AM
2007 0004400
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| NORTH AMERICAN METAL<br>COMPANY, LLC,<br>a limited liability company, )<br><br>Plaintiff, )<br><br>vs. )<br><br>TRANSLOAD AMERICA, INC.,<br>a corporation, and fictitious Defendants A<br>through M, being those persons or entities<br>who may be legally responsible for the<br>claims set forth herein and who may be<br>added by amendment by Plaintiffs when<br>their identities are ascertained by further<br>discovery and who are parties to the<br>contract described herein or are otherwise<br>obligated to perform the duties and<br>obligations described herein, )<br><br>Defendants. ) | CIVIL ACTION NO: CV-2007-_____ |

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, North American Metal Company, LLC, (hereinafter referred to as

"Plaintiff" or "NAMCO"), and files this complaint seeking a judicial determination of the duties,

rights, obligations, and responsibilities of the plaintiff and of the Defendants, TransLoad America,

Inc. and and fictitious Defendants A through M, being those persons or entities who may be legally

responsible for the claims set forth herein and who may be added by amendment by Plaintiffs when

their identities are ascertained by further discovery and who are parties to the contract described

herein or are otherwise obligated to perform the duties and obligations described herein, arising out

of an agreement between the parties, and says as follows:

1

1. This action is brought pursuant to <u>Code of Alabama</u>, 1975, Sections 6-6-220 through 6-6-232, and Rule 57 of the Alabama Rules of Civil Procedure.

2. The Plaintiff is a limited liability company authorized to conduct, and presently conducting business in the State of Alabama, including Pike County, and was authorized to and did conduct said business at all times pertinent to this complaint.

3. Plaintiff avers and is of the belief that TransLoad America, Inc. is a Delaware corporation conducting business in Alabama, including Pike County, Alabama, at all times pertinent to this complaint.

4. Plaintiff and Defendant met extensively in Pike County, Alabama after entering into the agreement which required confidentiality and the Defendant obtained knowledge from the Plaintiff that the landfill's facility located in Brundidge, Pike County, Alabama was possibly being offered for sale and to which the Plaintiff was interested in purchasing. Said agreement of confidentiality expired on or about October 6, 2006, but the confidentiality of information received, survived termination for two (2) years or until October 6, 2008.

5. Plaintiff avers that the Defendant, TransLoad America, Inc. is presently negotiating for the purchase of said property in Pike County, Alabama which is the site of the Brundidge landfill. Said property is described as follows:

A parcel of land lying in Section 4, the E ½ of the SE 1/4 of Section 5, the NE 1/4 of the NE 1/4 of Section 8, Township 8 North, Range 22 East and the SE 1/4 of the SE 1/4 of Section 33, Township 9 North, Range 22 East, Pike County, Alabama, being more particularly described as follows:

Beginning at an iron pin at the northeast corner of said Section 4, T-8-N, R-22-E; thence S 00°-31'-00" E, 2642.31 feet to a concrete marker; thence N 89°-34'-48" W, 1321.58 feet to a concrete marker; thence S 00°-05'-54" E, 391.43 feet to an iron pin; thence S 00°-12'-09" W, 387.51 feet to an iron pin; thence S 00°-20'-01" W, 399.12

2

feet to an iron pin; thence S 00°-32'-13" W, 378.89 feet to an iron pin; thence S 01°-32'-43" W, 423.53 feet to an iron pin; thence N 89°-32'-02" W, 1427.51 feet to an iron pin; thence N 87°-52'-31" W, 202.07 feet to an iron pin; thence N 70°-28'-40" W, 157.87 feet to an iron pin; thence S 74°-39'-04" W, 27.45 feet to an iron pin; thence S 59°-57'-25" W, 98.32 feet to an iron pin; thence N 89°-32'-02" W, 720.04 feet to an iron pin; thence S 00°-26'-36" E, 465.30 feet to an iron pin; thence S 53°-08'-09" W, 33.17 feet to an iron pin; thence S 22°-18'-35" W, 54.27 feet to an iron pin; thence S 02°-08'-12" E, 114.89 feet to an iron pin; thence S 56°-22'-44" W, 15.89 feet to an iron pin; thence N 89°-31'-07" W, 1265.13 feet to a concrete marker; thence S 86°-28'-45" W, 53.71 feet to an iron pin; thence S 00°-17'-26" E, 422.27 feet to an iron pin on the northerly meander of Mims Creek; thence S 76°-31'-18" W, 393.24 feet to an iron pin on said northerly meander; thence S 55°-03'-16" W, 444.46 feet to an iron pin on said northerly meander; thence S 75°-54'-49" W, 210.32 feet to an iron pin on said northerly meander; thence S 36°-34'-09" W, 194.12 feet to an iron pin on said northerly meander; thence S 48°-40'-09" W, 168.73 feet to an iron pin on said northerly meander; thence S 27°-37'-32" W, 85.39 feet to an iron pin on said northerly meander; thence leaving said northerly meander N 01°-28'-13" E, 251.40 feet to an iron pin; thence N 10°-12'-37" W, 197.76 feet to an iron pin; thence N 01°-00'-55" W, 159.88 feet to an iron pin; thence N 02°-01'-18" W, 170.75 feet to an iron pin; thence N 01°-49'-35" E, 251.29 feet to an iron pin; thence N 02°-13'-01" W, 189.50 feet to a concrete marker; thence N 82°-09'-37" E, 470.46 feet to an iron pin; thence N 17°-36'-36" E, 1368.82 feet to an iron pin; thence N 88°-27'-28" E, 450.19 feet to an iron pin; thence N 02°-02'-11" E, 412.44 feet to an iron pin; thence N 02°-09'-42" E, 314.59 feet to an iron pin; thence N 02°-06'-27" E, 172.90 feet to an iron pin; thence N 02°-29'-01" W, 185.61 feet to an iron pin; thence N 03°-55'-15" W, 333.37 feet to an iron pin; thence N 04°-52'-33" W, 314.75 feet to an iron pin; thence N 00°-52'-21" W, 263.40 feet to an iron pin; thence N 00°-54'-52" W, 484.58 feet to an iron pin; thence N 00°-42'-10" W, 249.67 feet to an iron pin; thence N 00°-16'-58" E, 654.95 feet to an iron pin; thence N 00°-17'-13" W, 457.58 feet to an iron pin; thence S 89°-49'-08" E, 3942.37 feet to an iron pin; thence N 53°-15'-43" E, 223.81 feet to an iron pin on the southeasterly meander of Mims Creek; thence N 49°-19'-05" E, 314.14 feet to an iron pin on said southeasterly meander; thence N 15°-08'-52" E, 34.45 feet to an iron pin on said southeasterly meander; thence N 68°-55'-51" E, 141.51 feet to an iron pin on said southeasterly meander; thence N 49°-33'-40" E, 183.09 feet to an an iron pin; thence leaving said southeasterly meander S 89°-55'-12" E, 631.42 feet to a concrete marker; thence S 00°-03'-44" E, 561.21 feet to the point of beginning, containing 573.60 acres, more or less.

This is the same site that the Defendant gained knowledge from the Plaintiff, pursuant to the confidentially agreement.

6. The confidentiality agreement stated in part, two (2) lengthy and specific confidentiality

3

clauses. Said clauses instructed the parties to use the confidential information solely for the purpose of consummating the transaction, contemplated between the Plaintiff and the Defendant.

7. The agreement also contained an Exclusive Dealing clause making it incumbent upon the parties to deal with complete exclusivity with each other.

8. The agreement also provided for a confidentiality period of two (2) years that the parties were to keep confidential the terms and conditions of this agreement.

9. Plaintiff made an offer to purchase said property, described in this Complaint.

10. Some time after the agreement was signed and the Plaintiff's offer was made, TransLoad America, Inc. began using the confidential information obtained through the Plaintiff to negotiate for the purchase of the property described in this Complaint, without the Plaintiff's consent or knowledge.

11. In addition to the written agreement alleged above, the parties entered into an oral confidentiality and non-compete agreement. During the time within which the Plaintiff and the Defendant visited Brundidge, Pike County, Alabama, it was made orally clear between the parties that the Defendant would keep the information gained confidential and the Defendant further orally agreed not to compete with the Plaintiff on the subject, Brundidge, Alabama landfill.

### Count One
### Declaratory Judgment

12. Plaintiff adopts and incorporates paragraphs 1 through 11 as though fully set forth herein.

13. There exists an actual bona fide, justiciable controversy between Plaintiff and Defendants regarding the parties' rights and obligations under the agreement.

4

14. Plaintiff is entitled to a judgment under *Ala. Code § 6-6-220, et. seq.* (the "Declaratory Judgment Act") to settle and to afford relief from uncertainty and insecurity with respect to its rights and status under the agreement.

15. Plaintiff's offer to do equity.

WHEREFORE, Plaintiff requests that this Court enter a binding declaratory judgment, pursuant to the Declaratory Judgment Act, declaring: (a) that the agreements referenced herein are in full force and effect until October 6, 2008; (b) that there are no defaults by the Plaintiff under the agreement; (c) that the agreements are valid; (d) that TransLoad America, Inc. must deal exclusively with NAMCO pursuant to all terms and conditions of the agreements; (e) to declare that the Plaintiff has a priority and exclusive right, as between the Plaintiff and Defendant to negotiate for the purchase of the property described in this Complaint; and (f) such other, further, or different declaratory relief to which the Defendants may be entitled.

<div style="margin-left:40%">

s/ Clifton F. Hastings
N.J. Cervera (CER001)
Clifton F. Hastings (HAS014)
Attorneys for NAMCO
CERVERA, RALPH & REEVES, LLC
Post Office Box 325
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 facsimile

</div>

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>55-CV-2007-900044.00 |

### IN THE CIVIL COURT OF PIKE, ALABAMA
### NORTH AMERICAN METAL COMPANY, LLC v. TRANSLOAD AMERICA, INC.

**NOTICE TO**  TRANSLOAD AMERICA, INC., ATTN: DAVID C. STOLLER 76 SOUTH ORANGE AVENUE, SUITE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CLIFTON HASTINGS

WHOSE ADDRESS IS POST OFFICE BOX 325, TROY AL, 36081

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of NORTH AMERICAN METAL COMPANY, LLC
pursuant to the Alabama Rules of the Civil Procedure

4/18/07
4/17/2007 11:14:48 AM

| Date | /s BRENDA PEACOCK<br>Clerk/Register | By |

☑ Certified mail is hereby requested    /s CLIFTON HASTINGS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

Date

---

U.S. Postal Service™
CERTIFIED MAIL™ RECE
(Domestic Mail Only; No Insurance Cov

For delivery information visit our website at

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

7006 2760 0004 8184 1125

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Transload America, Inc.
Attn: David C. Stoller
76 S. Orange Ave.
Ste. 208
South Orange, NJ 07079
CV07-900044

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7006 2760 0004 8184 1125

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

)

ELECTRONICALLY FILED
4/17/2007 11:14 AM
CV-2007-900044.00
CIRCUIT COURT OF
PIKE COUNTY, ALABAMA
BRENDA PEACOCK, CLERK

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | |
|---|---|
| NORTH AMERICAN METAL COMPANY, LLC, a limited liability company,        Plaintiff,   vs.   TRANSLOAD AMERICA, INC., a corporation, and fictitious Defendants A through M, being those persons or entities who may be legally responsible for the claims set forth herein and who may be added by amendment by Plaintiffs when their identities are ascertained by further discovery and who are parties to the contract described herein or are otherwise obligated to perform the duties and obligations described herein,        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   CIVIL ACTION NO: CV-2007-900044 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, North American Metal Company, LLC, (hereinafter referred to as

"Plaintiff" or "NAMCO"), and files this complaint seeking a judicial determination of the duties,

rights, obligations, and responsibilities of the plaintiff and of the Defendants, TransLoad America,

Inc. and and fictitious Defendants A through M, being those persons or entities who may be legally

responsible for the claims set forth herein and who may be added by amendment by Plaintiffs when

their identities are ascertained by further discovery and who are parties to the contract described

herein or are otherwise obligated to perform the duties and obligations described herein, arising out

of an agreement between the parties, and says as follows:

1

1. This action is brought pursuant to <u>Code of Alabama</u>, 1975, Sections 6-6-220 through 6-6-232, and Rule 57 of the Alabama Rules of Civil Procedure.

2. The Plaintiff is a limited liability company authorized to conduct, and presently conducting business in the State of Alabama, including Pike County, and was authorized to and did conduct said business at all times pertinent to this complaint.

3. Plaintiff avers and is of the belief that TransLoad America, Inc. is a Delaware corporation conducting business in Alabama, including Pike County, Alabama, at all times pertinent to this complaint.

4. Plaintiff and Defendant met extensively in Pike County, Alabama after entering into the agreement which required confidentiality and the Defendant obtained knowledge from the Plaintiff that the landfill's facility located in Brundidge, Pike County, Alabama was possibly being offered for sale and to which the Plaintiff was interested in purchasing. Said agreement of confidentiality expired on or about October 6, 2006, but the confidentiality of information received, survived termination for two (2) years or until October 6, 2008.

5. Plaintiff avers that the Defendant, TransLoad America, Inc. is presently negotiating for the purchase of said property in Pike County, Alabama which is the site of the Brundidge landfill. Said property is described as follows:

A parcel of land lying in Section 4, the E ½ of the SE 1/4 of Section 5, the NE 1/4 of the NE 1/4 of Section 8, Township 8 North, Range 22 East and the SE 1/4 of the SE 1/4 of Section 33, Township 9 North, Range 22 East, Pike County, Alabama, being more particularly described as follows:

Beginning at an iron pin at the northeast corner of said Section 4, T-8-N, R-22-E; thence S 00°-31'-00" E, 2642.31 feet to a concrete marker; thence N 89°-34'-48" W, 1321.58 feet to a concrete marker; thence S 00°-05'-54" E, 391.43 feet to an iron pin; thence S 00°-12'-09" W, 387.51 feet to an iron pin; thence S 00°-20'-01" W, 399.12

2

feet to an iron pin; thence S 00°-32'-13" W, 378.89 feet to an iron pin; thence S 01°-32'-43" W, 423.53 feet to an iron pin; thence N 89°-32'-02" W, 1427.51 feet to an iron pin; thence N 87°-52'-31" W, 202.07 feet to an iron pin; thence N 70°-28'-40" W, 157.87 feet to an iron pin; thence S 74°-39'-04" W, 27.45 feet to an iron pin; thence S 59°-57'-25" W, 98.32 feet to an iron pin; thence N 89°-32'-02" W, 720.04 feet to an iron pin; thence S 00°-26'-36" E, 465.30 feet to an iron pin; thence S 53°-08'-09" W, 33.17 feet to an iron pin; thence S 22°-18'-35" W, 54.27 feet to an iron pin; thence S 02°-08'-12" E, 114.89 feet to an iron pin; thence S 56°-22'-44" W, 15.89 feet to an iron pin; thence N 89°-31'-07" W, 1265.13 feet to a concrete marker; thence S 86°-28'-45" W, 53.71 feet to an iron pin; thence S 00°-17'-26" E, 422.27 feet to an iron pin on the northerly meander of Mims Creek; thence S 76°-31'-18" W, 393.24 feet to an iron pin on said northerly meander; thence S 55°-03'-16" W, 444.46 feet to an iron pin on said northerly meander; thence S 75°-54'-49" W, 210.32 feet to an iron pin on said northerly meander; thence S 36°-34'-09" W, 194.12 feet to an iron pin on said northerly meander; thence S 48°-40'-09" W, 168.73 feet to an iron pin on said northerly meander; thence S 27°-37'-32" W, 85.39 feet to an iron pin on said northerly meander; thence leaving said northerly meander N 01°-28'-13" E, 251.40 feet to an iron pin; thence N 10°-12'-37" W, 197.76 feet to an iron pin; thence N 01°-00'-55" W, 159.88 feet to an iron pin; thence N 02°-01'-18" W, 170.75 feet to an iron pin; thence N 01°-49'-35" E, 251.29 feet to an iron pin; thence N 02°-13'-01" W, 189.50 feet to a concrete marker; thence N 82°-09'-37" E, 470.46 feet to an iron pin; thence N 17°-36'-36" E, 1368.82 feet to an iron pin; thence N 88°-27'-28" E, 450.19 feet to an iron pin; thence N 02°-02'-11" E, 412.44 feet to an iron pin; thence N 02°-09'-42" E, 314.59 feet to an iron pin; thence N 02°-06'-27" E, 172.90 feet to an iron pin; thence N 02°-29'-01" W, 185.61 feet to an iron pin; thence N 03°-55'-15" W, 333.37 feet to an iron pin; thence N 04°-52'-33" W, 314.75 feet to an iron pin; thence N 00°-52'-21" W, 263.40 feet to an iron pin; thence N 00°-54'-52" W, 484.58 feet to an iron pin; thence N 00°-42'-10" W, 249.67 feet to an iron pin; thence N 00°-16'-58" E, 654.95 feet to an iron pin; thence N 00°-17'-13" W, 457.58 feet to an iron pin; thence S 89°-49'-08" E, 3942.37 feet to an iron pin; thence N 53°-15'-43" E, 223.81 feet to an iron pin on the southeasterly meander of Mims Creek; thence N 49°-19'-05" E, 314.14 feet to an iron pin on said southeasterly meander; thence N 15°-08'-52" E, 34.45 feet to an iron pin on said southeasterly meander; thence N 68°-55'-51" E, 141.51 feet to an iron pin on said southeasterly meander; thence N 49°-33'-40" E, 183.09 feet to an an iron pin; thence leaving said southeasterly meander S 89°-55'-12" E, 631.42 feet to a concrete marker; thence S 00°-03'-44" E, 561.21 feet to the point of beginning, containing 573.60 acres, more or less.

This is the same site that the Defendant gained knowledge from the Plaintiff, pursuant to the confidentially agreement.

6. The confidentiality agreement stated in part, two (2) lengthy and specific confidentiality

clauses. Said clauses instructed the parties to use the confidential information solely for the purpose of consummating the transaction, contemplated between the Plaintiff and the Defendant.

7. The agreement also contained an Exclusive Dealing clause making it incumbent upon the parties to deal with complete exclusivity with each other.

8. The agreement also provided for a confidentiality period of two (2) years that the parties were to keep confidential the terms and conditions of this agreement.

9. Plaintiff made an offer to purchase said property, described in this Complaint.

10. Some time after the agreement was signed and the Plaintiff's offer was made, TransLoad America, Inc. began using the confidential information obtained through the Plaintiff to negotiate for the purchase of the property described in this Complaint, without the Plaintiff's consent or knowledge.

11. In addition to the written agreement alleged above, the parties entered into an oral confidentiality and non-compete agreement. During the time within which the Plaintiff and the Defendant visited Brundidge, Pike County, Alabama, it was made orally clear between the parties that the Defendant would keep the information gained confidential and the Defendant further orally agreed not to compete with the Plaintiff on the subject, Brundidge, Alabama landfill.

### Count One
### Declaratory Judgment

12. Plaintiff adopts and incorporates paragraphs 1 through 11 as though fully set forth herein.

13. There exists an actual bona fide, justiciable controversy between Plaintiff and Defendants regarding the parties' rights and obligations under the agreement.

4

14. Plaintiff is entitled to a judgment under *Ala. Code § 6-6-220, et. seq.* (the "Declaratory Judgment Act") to settle and to afford relief from uncertainty and insecurity with respect to its rights and status under the agreement.

15. Plaintiff's offer to do equity.

WHEREFORE, Plaintiff requests that this Court enter a binding declaratory judgment, pursuant to the Declaratory Judgment Act, declaring: (a) that the agreements referenced herein are in full force and effect until October 6, 2008; (b) that there are no defaults by the Plaintiff under the agreement; (c) that the agreements are valid; (d) that TransLoad America, Inc. must deal exclusively with NAMCO pursuant to all terms and conditions of the agreements; (e) to declare that the Plaintiff has a priority and exclusive right, as between the Plaintiff and Defendant to negotiate for the purchase of the property described in this Complaint; and (f) such other, further, or different declaratory relief to which the Defendants may be entitled.

<div style="margin-left:50%;">

s/ Clifton F. Hastings
N.J. Cervera (CER001)
Clifton F. Hastings (HAS014)
Attorneys for NAMCO
CERVERA, RALPH & REEVES, LLC
Post Office Box 325
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 facsimile

</div>

5

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**55-CV-200**<br>Date of Filing:<br>04/17/2007 | ELECTRONICALLY FILED<br>4/17/2007 11:14 AM<br>CV-2007-900044.00<br>CIRCUIT COURT OF<br>PIKE COUNTY, ALABAMA<br>BRENDA PEACOCK, CLERK |

## GENERAL INFORMATION

IN THE CIRCUIT OF PIKE COUNTY, ALABAMA
**NORTH AMERICAN METAL COMPANY, LLC v. TRANSLOAD AMERICA, INC.**

First Plaintiff: ☑ Business  ☐ Individual    First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other                      ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☑ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT      _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ Yes  ☑ No

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   HAS014      4/17/2007 11:12:13 AM      /s CLIFTON HASTINGS

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided