IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORTH AMERICAN METAL COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 2:07-cv-440-ID ) |
| TRANSLOAD AMERICA INC., et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT'S MEMORANDUM IN
SUPPORT OF MOTION TO TRANSFER VENUE**

Defendant, TransLoad America Inc. ("TransLoad"), submits this Memorandum in support of its Motion to Transfer Venue.

### I.   SUMMARY

Plaintiff's Complaint is based upon a written letter of intent between Plaintiff and TransLoad. The written letter agreement expressly provides that "any suit, action or proceeding arising out of or related to this Letter shall be brought in the courts of the State of Florida or in a U.S. District Court located in Florida."

The mandatory forum selection clause agreed to by the parties is valid and enforceable. Moreover, Florida is the most convenient forum to litigate this dispute. This case should therefore be transferred to the Jacksonville Division of the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

1

## II.   BACKGROUND

Plaintiff originally filed this case in the Circuit Court of Pike County, Alabama on April 17, 2007. TransLoad timely removed this case to this Court, based upon diversity of citizenship, on May 17, 2007. *See* TransLoad's Notice of Removal (Doc. # 1).

Plaintiff's Complaint contains a single count attempting to seek declaratory relief. The Complaint arises out of and is based upon a written Letter of Intent between Plaintiff and TransLoad and its members (the "Agreement"). Although Plaintiff's Complaint is plainly based upon and refers extensively to the Agreement, Plaintiffs failed to attach a copy of it to their Complaint. TransLoad has therefore submitted the Agreement with this Motion and Memorandum. *See* Declaration of David C. Stoller in Support of Motion to Transfer Venue ("Supporting Declaration"); ¶ 3, Exhibit A.

The Agreement contains a mandatory choice of law and forum selection clause. Paragraph 15 of the Agreement expressly provides:

> Governing Law; Jurisdiction. This Letter shall be construed in accordance with, and enforced under, the laws of the State of Florida applicable to contracts executed and to be wholly performed within such State without giving effect to the principles of conflict of laws thereof. **The Parties agree that any suit, action or proceeding arising out of or related to this Letter shall be brought in the courts of the state of Florida or in a U.S. District Court located in Florida.**

*See* Paragraph 15 of Agreement (Exhibit A to Supporting Declaration) (emphasis added).  In direct violation of this mandatory forum selection clause agreed to by the parties, Plaintiff filed suit in Alabama.

### III.   ARGUMENT

"In a diversity case in which a forum selection clause designates a domestic forum, the appropriate procedure for seeking enforcement of the clause is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)." *E & H Steel Contracting, Inc. v. Turner Construction Company*, 2006 WL 1731153, *2 (M.D. Ala. 2006); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29, 108 S.CT. 2239, 2243-2244 (1988); *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).

Accordingly, "consideration of whether to enforce a forum selection clause in a diversity jurisdiction is governed by federal law, under 28 U.S.C. § 1404(a), not state law." *P&S Business Machines, Inc.,* 331 F.3d at 807.

### A.   The Parties' Forum Selection Clause is Enforceable.

Contractual forum selection clauses are enforceable in federal courts. *P&S Business Machines, Inc.,* 331 F.3d at 807.  "Moreover, enforcing contractually selected forums does not limit a plaintiff's right to choose its forum, but rather enforces a forum a plaintiff has already chosen." *E&H Steel Contracting, Inc.,* 2006 WL 1731153 at *3; *see also Stewart Org., Inc.,* 487 U.S. at 33, 108 S.Ct. at 2245 (Justice Kennedy concurring) ("enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system").

"The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *P&S Business Machines, Inc.,* 331 F.3d at 807; *see also In re Ricoh Corp.,* 870 F.2d 570, 573-574 (11th Cir. 1989). Under Section 1404(a), courts consider "the convenience of the parties and witnesses" and "the interest of justice," with a forum selection clause "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc.,* 487 U.S. at 29, 108 S.Ct. at 2244. "Thus, while other factors might conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh,* 870 F.2d at 573.

In this case the forum selection clause is mandatory, clear and unequivocal. It was agreed to by experienced professionals who expressly agreed that any litigation must be brought in Florida. It should therefore be enforced, and this case should be transferred to the Jacksonville Division of the Middle District of Florida.

**B.     Florida is Also the Most Convenient Forum.**

In the usual section 1404(a) motion to transfer the burden is on the moving party to establish that the suggested forum is more convenient. However, this burden shifts when there is a valid forum selection clause. *Id.* Accordingly, "[t]he burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *P&S Business Machines, Inc.,* 331 F.3d at 807.

4

This case certainly does not present one of the rare circumstances when a contractual forum selection clause can be overcome. Not only did the parties expressly agree to litigate in Florida, but Florida is also the most convenient forum.

Plaintiff is a Florida company located in Jacksonville, Florida. *See* Supporting Declaration, ¶ 4. Upon information and belief, Plaintiff's members reside in Jacksonville, Florida. *See* Supporting Declaration, ¶ 5. Accordingly, Plaintiff negotiated and executed the Agreement in Florida, and many of the witnesses and relevant records are located in Florida. Moreover, the Agreement specifically provides that it is governed by Florida law. *See* Paragraph 15 of Agreement (Exhibit A to Supporting Declaration).

The parties obviously chose Florida for a simple reason - - it is the most logical and convenient forum. The Court should therefore enforce the agreed upon forum.

### IV.  **<u>CONCLUSION</u>**

TransLoad's Motion to Transfer Venue should be granted for the reasons established above. This case should be transferred to the Jacksonville Division of the United States District Court for the Middle District of Florida.

    Respectfully submitted,

    **s/ James H. Pike**
    James H. Pike (PIK003)
    Attorney for Defendant
    TransLoad America Inc.

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on May 23, 2007, I electronically served a copy of this document upon:

    N.J. Cervera, Esq.
    Clifton F. Hastings, Esq.
    Cervera, Ralph & Reeves, LLC
    Post Office Box 325
    Troy, Alabama  36081

                                              **s/ James H. Pike**
                                              James H. Pike

#2639363