IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORTH AMERICAN METAL COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:07-cv-440-ID ) |
| TRANSLOAD AMERICA INC., et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, TransLoad America Inc. ("TransLoad"), responds as follows to Plaintiffs' Complaint for Declaratory Relief ("Compaint"):[1]

1. Paragraph 1 of Plaintiff's Complaint does not contain a factual allegation to which a response is required. To the extent that a response is required, TransLoad denies that Plaintiff has stated a claim for which relief can be granted.

2. TransLoad admits that Plaintiff is a limited liability company, denies that Plaintiff is authorized to conduct business in Alabama, and is without knowledge as to the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

---

[1] This Answer and Affirmative Defenses is filed subject to, and without waiver of, TransLoad's pending Motion to Transfer Venue.

3. TransLoad admits that it is a Delaware corporation and denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. TransLoad admits that it entered into a letter of intent with Plaintiff dated September 5, 2006 (the "Agreement"). TransLoad states that the Agreement speaks for itself. TransLoad denies the allegations pertaining to the Agreement to the extent that they are inconsistent with the express terms and conditions of the Agreement, and further denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. TransLoad admits that it has entered into a letter of intent with the City of Brundidge, Alabama (the "City") to pursue acquiring the Brundidge landfill through the City. TransLoad is without knowledge as to the accuracy of the legal description and denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. TransLoad states that the Agreement speaks for itself, and denies the allegations contained in paragraph 6 of Plaintiff's Complaint to the extent that they are inconsistent with the express terms and conditions of the Agreement.

7. TransLoad states that the Agreement speaks for itself, and denies the allegations contained in paragraph 7 of Plaintiff's Complaint to the extent that they are inconsistent with the express terms and conditions of the Agreement.

8. TransLoad states that the Agreement speaks for itself, and denies the allegations contained in paragraph 8 of Plaintiff's Complaint to the extent

that they are inconsistent with the express terms and conditions of the Agreement.

9. TransLoad is without knowledge as to the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. TransLoad denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. TransLoad denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

## Count One
## Declaratory Judgment

12. TransLoad reasserts its responses to paragraphs 1 through 11 in response to paragraph 12 of Plaintiff's Complaint.

13. TransLoad denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. TransLoad denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 of Plaintiff's Complaint does not contain a factual allegation to which a response is required. To the extent that a response is required, TransLoad denies that Plaintiff has stated a claim for which relief can be granted.

16. TransLoad further denies any allegations contained in Plaintiff's Complaint which are not specifically admitted above.

**AFFIRMATIVE DEFENSES**

TransLoad asserts the following affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense

17. The Complaint fails to state a claim upon which relief can be granted for declaratory relief.

### Second Affirmative Defense

18. Plaintiff has filed this action in an improper venue in contradiction to the express terms and conditions of the Agreement at issue. Moreover, Florida is the most convenient forum for the resolution of this matter.

### Third Affirmative Defense

19. Plaintiff's purported claims for declaratory relief are moot.

### Fourth Affirmative Defense

20. Plaintiff's purported claims are barred by the parol evidence rule.

### Fifth Affirmative Defense

21. Plaintiff's purported claims are contradicted and negated by the express terms and conditions of the written Agreement upon which they are based.

### Sixth Affirmative Defense

22. Plaintiff's purported claims are barred by the doctrines of estoppel and unclean hands.

### Seventh Affirmative Defense

23. Any of Plaintiff's purported claims based upon an alleged oral confidentiality and non-compete agreement are insufficient and unenforceable as a matter of law.

### Eighth Affirmative Defense

24. Plaintiff is not properly qualified to conduct business in Alabama.

### Ninth Affirmative Defense

25. Ficticious party practice is not permitted by the Federal Rules of Civil Procedure.[2]

26. TransLoad reserves the right to assert additional defenses as this case progresses.

WHEREFORE, TransLoad requests that Plaintiff's Complaint be dismissed and/or that judgment be entered in TransLoad's favor, that TransLoad be awarded its costs, and such further relief as the Court deems proper.

Respectfully submitted,

**s/ James H. Pike**
James H. Pike (PIK003)
Attorney for Defendant
TransLoad America Inc.

---

[2] TransLoad reserves the right to move to strike the ficticious defendants purportedly named in Plaintiff's Complaint.

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us


**CERTIFICATE OF SERVICE**

I, James H. Pike, certify that on May 23, 2007, I electronically served a copy of this document upon:

    N.J. Cervera, Esq.
    Clifton F. Hastings, Esq.
    Cervera, Ralph & Reeves, LLC
    Post Office Box 325
    Troy, Alabama  36081

                                       **s/ James H. Pike**
                                       James H. Pike

#2639397