IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| NORTH AMERICAN METAL ) | |
| COMPANY, LLC, ) | |
| a limited liability company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:07-CV-440-ID |
| ) | |
| TRANSLOAD AMERICA, INC., ) | |
| a corporation, and fictitious Defendants A ) | |
| through M, being those persons or entities ) | |
| who may be legally responsible for the ) | |
| claims set forth herein and who may be ) | |
| added by amendment by Plaintiffs when ) | |
| their identities are ascertained by further ) | |
| discovery and who are parties to the ) | |
| contract described herein or are otherwise ) | |
| obligated to perform the duties and ) | |
| obligations described herein, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND FACTS**

On April 17, 2007, the Plaintiff, North American Metal Company, LLC, filed a Complaint for Declaratory Judgment against TransLoad America, Inc. and fictitious Defendants A through M, being those persons or entities who may be legally responsible for the claims set forth herein and who may be added by amendment by Plaintiff when their identities are ascertained by further discovery and who are parties to the contract described herein or are otherwise obligated to perform the duties and obligations described herein, arising out of an agreement between the parties in the Circuit Court of Pike County, Alabama.

-1-

On or about May 17, 2007, the Defendant TransLoad America, Inc. removed this action from the Circuit Court of Pike County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

On or about May 23, 2007, the Plaintiff filed a Motion to Remand this action to the Circuit Court of Pike County, Alabama, alleging that the amount in controversy does not exceed the sum or value of $75,000.00, exclusive of interest and cost. The following Law and Arguments clearly establish that the Defendant has improperly removed this action to the United States District Court for the Middle District of Alabama, Northern Division, and that this action should be properly adjudicated in the Circuit Court of Pike County, Alabama. Therefore, Plaintiff's Motion to Remand is due to be granted.

LAW AND ARGUMENT

THE BURDEN IS ON THE PARTY SEEKING REMOVAL

The party seeking removal has the burden of establishing federal jurisdiction. Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir. 1987), cert. Denied, 484 U.S. 850, 108 S.Ct. 150 (1987); Brech v. Prudential Ins. Co. of America, 845 F.Supp.829, 831 (M.D. of Ala. 1993). "Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand." Brech, 845 F.Supp., at 831; Shamrock Oil and Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941); Burns v. Windsor Insurance Company, 31 D.3 1092, 1095 (11 Cir. 1994); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Paxton v. Weaver, 553 F.2d 939 (5th Cir. 1977).

## AMOUNT IN CONTROVERSY

## THE VALUE OF THE OBJECT OF THE LITIGATION

The amount in controversy in this action does not exceed the sum or value of $75,000.00, exclusive of interests and costs. The Plaintiff's complaint asks for a declaration of the present and future rights, duties and liabilities of the parties. The Plaintiff does not ask for money damages. When a declaratory judgment is sought, "it is well-established that the amount in controversy is measured by the value of the object of the litigation." Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 218 (11th Cir. 1997); Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 345, 97 S.Ct. 2434, 2443 (1997); Occidental Chemical Corp. v. Bullard, 995 F.2d, 1046, 1047 (11th Cir. 1993).

## THE PLAINTIFF-VIEWPOINT RULE

The Court, in determining the amount in controversy, must measure the value of the object of the litigation solely from the Plaintiff's prospective. "After carefully reviewing this Circuit's precedents, however, we find no conflict and we conclude that this Court's predecessor purposefully and conspicuously adopted the Plaintiff-viewpoint rule." Ericsson, 120 F. 3d, at 219. The damage that the Defendant claims it may suffer as a result of a Court finding for the Plaintiff is not a proper basis for asserting jurisdiction. Shelley v. Southern Bell Tel. & Tel. Co., Inc., 873 F.Supp. 613, 617 (M.D. Ala. 1995). "It is well settled in this Court that, when our jurisdiction depends on the amount in controversy, it is determined by the amount involved in a particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur." New England Mortgage Security Co. v. Gay, 145 U.S. 123, 130, 12 S.Ct. 815, 816 (1892).

## THE MONETARY VALUE OF THE AVAILABLE RELIEF

Having determined that the Plaintiff-viewpoint rule governs, the Court must then consider whether the amount in controversy is sufficient to satisfy the diversity statute. The Court must first determine the remedies available to the Plaintiff under the law, and then consider the monetary value of the available relief. Erricson, 120 F.3d at 221.

"Any person interested under a written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a contract, may have determined any question of construction or validity arising under the contract, and obtain a declaration of rights, status, or other legal relations thereunder." Ala. Code, Sec. 6-6-223. The mere fact that pecuniary interests are involved does not deprive the declaratory judgment act of a filed operation. In most litigation involving the legal rights of the parties, some underlying economic advantage or loss will result from the determination of those legal rights. Broadwater v. Blue & Gray Patio Club, 403 So.2d 209 (Ala. 1981).

In this case, The Plaintiff has asked for a Declaratory Judgment from the Circuit Court of Pike County, Alabama. This is the only relief requested and the only relief available to the Plaintiff.

## CONCLUSION

Based upon the foregoing law and facts, the Plaintiff respectfully submits to this Honorable Court that the Defendant has failed to show that this action meets the amount in controversy requirements of the diversity statute and that the Plaintiff has clearly established venue to be proper in Pike County, Alabama.

Therefore, this action is due to be remanded back to the Circuit Court of Pike County,

Alabama, and the Plaintiff respectfully requests this Honorable Court grant the Plaintiff's Motion to Remand and enter an Order remanding this cause back to the Circuit Court of Pike County, Alabama.

Respectfully submitted this 23rd day of May, 2007.

s/ Clifton F. Hastings
N.J. Cervera (CER001)
Clifton F. Hastings (HAS014)
Attorneys for Plaintiff
**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P. O. Box 325
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 (fax)
chastings@troycable.net

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Brief has been provided by US Mail, postage prepaid and properly addressed this 23rd day of May, 2007, to:

James H. Pike
Attorney for Defendant
Shealy, Crum & Pike
Post Office Box 6346
Dothan, Alabama 36302-6346

s/ Clifton F. Hastings
Clifton F. Hastings