IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORTH AMERICAN METAL COMPANY, LLC,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:07-cv-440-ID ) |
| **TRANSLOAD AMERICA INC.,** et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, TransLoad America Inc. ("TransLoad"), pursuant to the Court's May 25, 2007 Order directing it to show cause why Plaintiff's Motion to Remand should not be granted, submits this memorandum in opposition to Plaintiff's Motion to Remand.[1]

**I.    SUMMARY**

Plaintiff does not contest that diversity of citizenship exists in this case. Plaintiff's sole basis for its Motion to Remand is its assertion that the amount in controversy does not exceed the jurisdictional minimum. But Plaintiff offers absolutely no evidence or support for this assertion.

---

[1] This opposition is filed subject to, and without waiver of, TransLoad's pending Motion to Transfer Venue.

1

The only evidence before the Court establishes that the amount in controversy (from either Plaintiff's or TransLoad's perspective) is easily satisfied in this case. Plaintiff's unsupported Motion to Remand should therefore be denied.

## II.  BACKGROUND

Plaintiff originally filed this case in the Circuit Court of Pike County, Alabama on April 17, 2007. TransLoad timely removed this case to this Court, based upon diversity of citizenship, on May 17, 2007. *See* TransLoad's Notice of Removal (Doc. # 1).

Plaintiff's Complaint arises out of and is based upon a written Letter of Intent between Plaintiff and TransLoad and its members (the "Agreement"). The Agreement contains a mandatory choice of law and forum selection clause providing that it is governed by Florida law and that "any suit, action or proceeding arising out of or related to [the Agreement] shall be brought in the courts of the state of Florida or in a U.S. District Court located in Florida." TransLoad therefore filed its Motion to Transfer Venue, together with its supporting memorandum and declaration, on May 23, 2007. *See* Doc. Nos. 3, 4, 5 and 12. This motion remains pending.

Plaintiff filed its Motion to Remand ("Plaintiff's Motion") and supporting brief ("Plaintiff's Brief") on May 23, 2007. *See* Doc. Nos. 8 and 9. Plaintiff's sole argument for remand is its assertion that the amount in controversy is not satisfied in this case. However, Plaintiff offers no evidence or support for this

assertion. Rather, the preponderance of the evidence (and the only evidence before the Court) establishes that the amount in controversy exceeds the jurisdictional minimum.

### III. ARGUMENT

Removal to federal court is authorized if a case might have been brought in federal court originally. 28 U.S.C. § 1441. Federal jurisdiction in this case is based upon diversity of citizenship. This requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

TransLoad's removal papers establish, and Plaintiff does not contest, diversity of citizenship. This requirement is therefore satisfied. As established below, the amount in controversy is also satisfied in this case.

**A.  The Value of the Object of this Litigation Exceeds the Jurisdictional Minimum.**

Plaintiff is correct that the party seeking removal has the burden of establishing federal jurisdiction. *See* Plaintiff's Brief, pg. 2 (Doc. #9). Plaintiff is also correct that in a declaratory judgment action the "amount in controversy is measured by the value of the object of the litigation." *See* Plaintiff's Brief, pg. 3; *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S.Ct. 2434, 2443 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Ericsson GE Mobile*

*Communications, Inc. v. Motorola Communications & Electronics, Inc.,* 120 F.3d 216, 218 (11th Cir. 1997).

However, Plaintiff's unsupported assertion that the value of the object of this litigation is below the jurisdictional minimum is wrong.

Among other things, Plaintiff's Complaint seeks a declaration that Plaintiff "has a priority and exclusive right" (as between Plaintiff and TransLoad) to negotiate for the purchase of the real property described in the Complaint. Accordingly, as established in TransLoad's Notice of Removal, the object of this litigation is the potential acquisition of the property at issue and the value associated with acquiring it. *See* TransLoad's Notice of Removal, ¶ 5 (Doc. #1). Plaintiff's Brief does not contest this.[2]

TransLoad has established that this value easily exceeds the jurisdictional minimum. *See* TransLoad's Notice of Removal, Exhibit A, ¶¶ 4 and 5 (Doc. #1). TransLoad has established an intended price through which the property would be acquired in excess of $5,000,000, and that acquiring the property would generate expected income, at a minimum, in excess of $100,000 per year. *Id.*

---

[2] The Court evaluates jurisdiction based upon the value of the object of the litigation arising from the assertions in Plaintiff's Complaint. *See Burns v. Windsor Insurance Company*, 31 F.3d 1092, note 13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal"). However, TransLoad in no way acknowledges the sufficiency or validity of Plaintiff's purported claims. TransLoad reserves the right to challenge the sufficiency and validity of Plaintiff's claims.

Moreover, the value of the object of the litigation in this case is the same from the perspective of TransLoad or Plaintiff (or any other party). In *Ericsson GE Mobile Communications* the Eleventh Circuit recognized that in many cases the perspective used to determine the amount in controversy is immaterial "because the value of the object of the litigation [is] the same whether measured from the plaintiff's or the defendant's perspective." *See Ericcson GE Mobile Communications,* 120 F.3d at note 13. This is the situation in this case. Because the object of this litigation is the potential acquisition of real property and the value associated with acquiring it, the value is the same from either Plaintiff's or TransLoad's perspective.

A price for TransLoad to acquire the property in excess of $5,000,000 clearly establishes a value in excess of the jurisdictional minimum. Put simply, the value is the value, regardless of who may be trying to acquire it. The value of the object of this litigation therefore easily exceeds the jurisdictional minimum. *See,* e.g., *Occidental Chemical Corp. v. Bullard,* 995 F. 2d 1046, 1047 (11th Cir. 1993) (in a suit demanding specific performance of a real estate contract, "the amount in controversy is established by the value of the property").

Similarly, acquiring the property would generate expected income for TransLoad or Plaintiff (or any other party) in excess of $100,000 per year. Paragraph 6 of the Declaration shows on its face that it is not limited to just TransLoad. This itself satisfies the jurisdictional minimum, aside from the value of the property.

Plaintiff's position appears to be that since its Complaint seeks declaratory relief, and avoids mentioning money damages, there can be no federal jurisdiction.  This apparent argument ignores the rule that the amount in controversy in declaratory relief actions is established by the value of the object of the litigation.  Under Plaintiff's apparent position, a plaintiff could always avoid federal jurisdiction by simply labeling a cause of action declaratory relief and not including a specific demand for money damages in its complaint (as Plaintiff has attempted in this case).

As established above, the law does not permit a party to so easily avoid federal jurisdiction.  This is the precise reason that federal courts look to the value of the object of the litigation under these circumstances, not merely to the label that a plaintiff places on a cause of action.

Plaintiff's apparent argument that TransLoad's basis for jurisdiction is based upon "damage that Defendant claims it may suffer as a result of a Court finding for the Plaintiff" similarly misses the mark.  TransLoad's removal papers establish the value of the object of the litigation in this case.  TranLoad's removal papers do not rely upon, or even address, "damages" or "contingent loss either one of the parties may sustain by the probative effect of the judgment."

TransLoad has provided evidence that establishes the value of the object of this litigation.  Plaintiff has come forward with no evidence at all, much less any contradictory evidence.  Plaintiff's Motion should therefore be denied.

### B. The Only Evidence Establishes that the Amount in Controversy is Satisfied.

Plaintiff's Complaint does not specify an amount of damages. TransLoad therefore has the burden of establishing the amount in controversy by a preponderance of the evidence. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). The Eleventh Circuit very recently reaffirmed and clarified the preponderance of the evidence burden under these circumstances:

> We have held that, in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. . . . Specifically, the moving defendant must establish the amount in controversy by "[t]he greater weight of the evidence . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Black's Law Dictionary* 1220 (8th ed. 2004).

*Lowery v. Alabama Power Company,* 483 F.3d 1184, 1209 (11th Cir. April 11, 2007) (internal citations omitted).

TransLoad has satisfied the preponderance of the evidence burden in this case. The only evidence submitted to the Court establishes that the amount in controversy is satisfied. Plaintiff has not even attempted to come forward with any contradictory evidence. Accordingly, the evidence establishing the amount in controversy is uncontested.

7

Since there is no other evidence (much less any contradictory evidence) before the Court, the preponderance of the evidence necessarily establishes that the amount in controversy is satisfied in this case. Plaintiff's unsupported Motion should therefore be denied.

## IV.    CONCLUSION

The record in this case establishes federal jurisdiction as set forth above. Plaintiff's Motion to Remand should therefore be denied.

>                            Respectfully submitted,
>
>                            **/s/ Richard E. Crum**
>                            Richard E. Crum (CRU012)
>                            James H. Pike (PIK003)
>                            Attorneys for Defendant
>                            TransLoad America Inc.

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: rcrum@scplaw.us
E-mail: jpike@scplaw.us

**CERTIFICATE OF SERVICE**

  I, Richard E. Crum, certify that on June 8, 2007, I electronically served a copy of this document upon:

  N.J. Cervera, Esq.
  Clifton F. Hastings, Esq.
  Cervera, Ralph & Reeves, LLC
  Post Office Box 325
  Troy, Alabama  36081

             **/s/ Richard E. Crum**
             Richard E. Crum

#2642959