IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN METAL CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2:07cv440-ID |
| v. | ) | |
| | ) | |
| TRANSLOAD AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is Plaintiff North American Metal Co.'s ("Plaintiff") motion to remand in which Plaintiff contends that the court lacks subject matter jurisdiction because the amount-in-controversy requirement of 28 U.S.C. § 1332 is not satisfied. (Doc. No. 8.) Plaintiff's motion is accompanied by a brief. (Doc. No. 9.) Also before the court is Defendant TransLoad America, Inc.'s ("Defendant") motion to transfer venue to the United States District Court for the Middle District of Florida based upon a contractual forum selection clause and 28 U.S.C. § 1404(a). (Doc. No. 3.) Defendant's motion is accompanied by a brief and an evidentiary submission. (See Doc. Nos. 4-5, 12.) Both motions are opposed. (See Doc. Nos. 13-14.) After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that Plaintiff's motion to remand is due to be granted and that Defendant's motion to transfer is due to be denied as moot.

Plaintiff's complaint, originally filed in the Circuit Court of Pike County, Alabama, arises out of a written Letter of Intent between Plaintiff and Defendant and its members (the "Agreement") and Defendant's alleged breach of a confidentiality provision contained in the Agreement. Plaintiff contends that, by virtue of the Agreement, Defendant acquired confidential information from Plaintiff that a landfill in Pike County "was possibly being offered for sale," through the City of Brundidge, Alabama, and that Plaintiff was interested in buying the property. (Compl. at 2 (Doc. No. 1).) Plaintiff alleges that, after it made an offer to buy the landfill, Defendant began "negotiating" to buy this property, without Plaintiff's "consent," in violation of the confidentiality provision in the Agreement. (Id. at 2, 4.)

The confidentiality provision provided that the parties would use the confidential information "solely for the purpose of consummating the transaction, contemplated between [] Plaintiff and [] Defendant." (Id. at 4.) Plaintiff alleges that, although the confidentiality provision expired on October 6, 2006, "the confidentiality of information received survived termination" for an additional two-year period. (Id. at 2, 4.) In addition to the written Agreement, Plaintiff alleges that the parties entered into an oral confidentiality agreement and, further, that Defendant "orally agreed not to compete with the Plaintiff" in the purchase of the property. (Id. at 4.)

The complaint contains one count which requests declaratory relief. Among other things, Plaintiff seeks a declaration that the written and oral agreements at issue are "in full force and effect until October 6, 2008," that the agreements are "valid," and that

Plaintiff "has a priority and exclusive right" (as between Plaintiff and Defendant) to negotiate for the purchase of the landfill in Pike County, Alabama. (Id. at 5.)

Defendant, as the party removing this action to federal court, has the burden of establishing federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)). Accordingly, the federal removal statutes must be strictly construed against removal, and, generally speaking, all doubts about removal must be resolved in favor of remand. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979). Because Plaintiff's complaint does not request money damages, only declaratory relief, Defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant filed a timely notice of removal, alleging diversity of citizenship. See 28 U.S.C. §§ 1332(a), 1441(b). It is undisputed that complete diversity of citizenship exists between Plaintiff and Defendant. Only the amount in controversy is in dispute.

When a complaint seeks only a declaratory judgment, as here, "it is well-established that the amount in controversy is measured by the value of the object of the

3

litigation." Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 218 (11th Cir. 1997). For purposes of ascertaining the amount in controversy, the court must determine the value of the object of the litigation from the plaintiff's perspective. See id. at 219. This is called the plaintiff-viewpoint rule. See id. at 218-19. Under the plaintiff-viewpoint rule, "the value of the [declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the [relief] were granted." Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). It also is true, however, that in some cases the perspective used to determine the amount in controversy is immaterial "because the value of the object of the litigation [is] the same whether measured from the plaintiff's or the defendant's perspective." Ericsson, 120 F.3d at 220 n.13

Arguing that the amount-in-controversy requirement is satisfied, Defendant focuses on Plaintiff's request for a declaration that it [Plaintiff] "has a priority and exclusive right" (as between Plaintiff and Defendant) to negotiate for the purchase of the landfill in Pike County, Alabama. (Compl. at 5 (Doc. No. 1).) Defendant asserts that "the object of this litigation is the potential acquisition of the property at issue and the value associated with acquiring it" and that this value is the same from its and Plaintiff's viewpoint. (Doc. No. 14 at 4.) Defendant has submitted evidence that the "intended price through which the property would be acquired" exceeds $5,000,000. (Id.); (see Def. Not. Removal, Ex. A ¶¶ 4-5 (Doc. No. 1).) Defendant, thus, fixes the value of the object of the litigation at more than $5,000,000, and, as a result, asserts that the amount in

4

controversy easily exceeds the jurisdictional minimum required by § 1332(a).  The court, however, is not persuaded by Defendant's argument.

Applying the Ericcson principles, the court finds that the amount in controversy would be the monetary value of the benefit which would flow to Plaintiff from a declaration that it has a right to negotiate for the property without interference from Defendant.  It is true that the declaratory relief requested by Plaintiff is the means by which Plaintiff ultimately hopes to achieve acquisition of the landfill.  If the requested declaratory relief were issued, however, the declaration would give Plaintiff a right to negotiate for the purchase of the property (which trumps Defendant's right), but would not guarantee that Plaintiff would succeed in its negotiations and acquire ownership of the property.  No evidence or argument has been asserted that the City of Brundidge would be required to accept the offer which Plaintiff tendered.  In short, the right to negotiate merely presents the possibility that Plaintiff will obtain ownership of the landfill.  Defendant has not made any attempt to affix a dollar figure to the value of this right to negotiate.

Considering that Defendant bears the burden of establishing removal jurisdiction, the court finds that the benefit of the declaratory relief to Plaintiff is too speculative to confer subject matter jurisdiction on the court.  Cf. Ericcson, 120 F.3d at 221-22 (holding that the value of the injunctive relief sought, namely, an opportunity to rebid for a contract (not an award of the contract) was "too speculative and immeasurable to satisfy the amount in controversy requirement").  Finding that Defendant has not demonstrated

that the amount in controversy exceeds $75,000, exclusive of interest and costs, the court finds that it does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). Plaintiff's motion to remand, thus, is due to be granted.[1]

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's motion to remand be and the same is hereby GRANTED and that, pursuant to 28 U.S.C. § 1447(c), this cause is hereby REMANDED to the Circuit Court of Pike County, Alabama, for want of subject matter jurisdiction. The clerk is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and ORDERED that Defendant's motion to transfer venue be and the same is hereby DENIED as moot.

Done this 22nd day of June, 2007.

    /s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In light of its ruling on the motion to remand, the court need not reach Defendant's motion to transfer venue, and accordingly declines to do so.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).